EMANUEL S. ULLMANN, Respondent, *v.* GUSTAVE J. FUERTH, Appellant.

Supreme Court, Appellate Term, First Department, December 21, 1933.

*Helfenstein & Helfenstein* [*L. Helfenstein* of counsel], for the appellant.

*Rosenman, Weil, Gotshal & Manges* [*Phillip W. Haberman* of counsel], for the respondent.

PER CURIAM. It was error for the trial court to charge that when plaintiff made out a *prima facie* case the burden of proof was on the defendant to show the disposition of the merchandise — to show that it had been returned. The action being one by a bailor against a bailee for breach of contract of bailment and the issue tried being whether or not the bailee had returned the goods, the plaintiff (bailor) had the burden of establishing the failure to return.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

LEVY and CALLAHAN, JJ., concur; LYDON, J., dissents.

LYDON, J. (dissenting). I dissent. The parties had expressly agreed that the defendant was not to deliver any goods except on plaintiff's written order. It had also been expressly agreed that both parties should keep storage receipt books which should be countersigned when packages were put in or taken out from the warehouse. Defendant had concededly delivered a package without a written order from plaintiff and without any signature in the book by the person who received the package. He sought to show, in spite of this violation of the terms of the bailment, that the delivery had been made to one of plaintiff's employees. Even if the jury believed this it was immaterial and constituted no defense to the claim of conversion. The parties, by express agreement, had made their own rules of conduct and their own rules of evidence. A plain conversion was established, no defense was proved and no supposed error in the charge on the question of burden of proof was of any consequence.

I vote to affirm.